Sharon **GARLAND**, Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 75S00–9704–CR–00248.

Supreme Court of Indiana.

Nov. 19, 1999.

David E. Vandercoy, Valparaiso, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

Sharon Garland, the defendant-appellant, appeals her conviction for the January 24, 1996, murder[1] of her husband, David Garland. The defendant's appellate claims focus on the admission into evidence of a videotaped statement made by Allen Garland, her son and a co-defendant at her trial, and trial counsel's failure to preclude the admission of this statement against the defendant. We find determinative her

claim alleging ineffective assistance of counsel.

■ In order to prevail on a claim of ineffective assistance of trial counsel, the defendant must demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that because of counsel's errors the result of the proceeding is unreliable or unfair." *Harrison v. State*, 707 N.E.2d 767, 777 (Ind. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Lockhart v. Fretwell*, 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993)).

The defendant and her son were each charged with murder, conspiracy to commit murder, and assisting a criminal and tried together in a single trial. During the State's case-in-chief, the trial court admitted into evidence a lengthy videotaped custodial interview of Allen, conducted by police over a two-day period. Lawyers for both Sharon and Allen were present for the first day of the interview, during which Allen made statements implying that his mother was involved in the murder of his father. Record at 7264–65, 7286. Before the interview resumed on the second day, the prosecutor and Allen's counsel agreed that the interview would continue without Sharon's attorney present because Allen might be reluctant to say things that would incriminate his mother with her lawyer present.

When the State moved to admit the videotaped statement, the lawyer for each defendant objected on grounds of relevancy and Allen's appearance in prison garb, but neither defendant asserted a violation of the Confrontation Clause of the U.S. Constitution pursuant to *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Allen did not testify at trial, but, during his case-in-chief, his counsel again played the videotape to the

---

1. IND.CODE § 35–42–1–1 (1993).

jury, without objection. At the conclusion of the evidence, Sharon's defense counsel proposed, but the trial court declined to give, a final instruction that would have advised the jury that "[a] defendant's statement concerning the crime charged may not be considered by you against any defendant other than the one who made it." Record at 662, 4903.

■ Although counsel for the defendant objected to the admission of the statement, he failed to object on proper grounds. The U.S. Supreme Court has clearly established that, in a joint trial, statements of one co-defendant that facially incriminate another co-defendant may not be introduced against the other co-defendant, when the co-defendant providing the statement does not testify at trial or is not otherwise subject to cross-examination. *Bruton v. United States*, 391 U.S. 123, 136, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476, 485 (1968). *See also Gray v. Maryland*, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). "The unreliability of [the testimony of a co-defendant] is intolerably compounded when the alleged accomplice ... does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed." *Bruton*, 391 U.S. at 136, 88 S.Ct. at 1628, 20 L.Ed.2d at 485. Furthermore, a limiting instruction is constitutionally insufficient to remedy such a violation. *Id.* at 137, 88 S.Ct. at 1628, 20 L.Ed.2d at 485–86. The *Bruton* Court stated:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial....

*Id.* at 135–36, 88 S.Ct. at 1627–28, 20 L.Ed.2d at 485 (citations omitted).

■ Generally alleging that Sharon's counsel used Allen's statement in her defense, the State argues that we should view the failure to object as a matter of trial strategy. We are not convinced, however, that defense counsel's possible attempt to minimize the harm from the admitted statement requires us to conclude that the failure to make a proper *Bruton* objection was based on reasonable trial strategy. We find that, by failing to make the proper objection, defense counsel's performance fell below the required standard.

■ We must therefore consider whether the results of the trial are fundamentally unfair or unreliable. A proper *Bruton* objection would have required the exclusion of the videotaped statement of co-defendant Allen Garland. This statement contained facts and opinion testimony that substantially implicated the defendant. In the videotaped statement, Allen described his parent's marital problems and the increasing frequency of arguments; his mother's growing personal relationship with James Lloyd, Allen's previous drug abuse counselor; Lloyd's desire to kill David Garland; and Lloyd's description, in the presence of Sharon and Allen, of a plan to murder David. Allen's videotaped interview also provided details regarding the events on the day of the murder. He described Lloyd's arrival at his parents' home; his mother's going outside and talking with Lloyd for three to five minutes; the halt of their conversation when Allen came outside; and his mother's accompanying Lloyd, who was armed with a handgun, when he went past Allen and into the home where Lloyd fired five shots into David's head. Allen's interview also reported his mother's ongoing contact with Lloyd after the murder; Lloyd's urging Sharon and Allen not to say anything to police; and Allen's opinion that his mother knew of and participated with Lloyd in the

preparation and execution of the murder plan.

Allen's statement was, for all practical purposes, not subject to cross-examination. Sharon's defense counsel was not present during a significant part of the interview, and ·Allen did not testify at trial. The defendant was unable to subject Allen's statements to cross-examination, a basic right necessary to a fair trial. Allen's videotaped statement containing the material inculpating his mother was played twice before the jury. In the State's opening and closing arguments, the prosecutor repeatedly referred to these statements and even quoted some that inculpated the defendant. In his closing argument, Allen's counsel also referred several·times to the statements and Allen's opinion that, from the beginning, his mother was involved in the murder.

We find particularly significant the source of the statements, the extremely prejudicial nature and content of the statements inculpating the defendant, the fact that Allen did not testify and was not subject to cross-examination, the number of times the jury heard the videotaped interview itself, and the arguments by both the State and Allen's counsel that included the incriminating statements by the non-testifying co-defendant. We conclude that there is a reasonable probability that, because of counsel's error, the result of the proceeding is unreliable or unfair. The defendant has thus established her claim of ineffective assistance of counsel.

The judgment of the trial court is reversed, and this cause is remanded for retrial or other proceedings consistent with this opinion.

SULLIVAN and BOEHM, JJ., concur. SHEPARD, C.J., concurs with separate opinion.

SHEPARD, C.J., concurring.

Among the issues the· trial court will need to resolve on retrial are the extent to which Allen Garland may be compelled to testify now that he has been acquitted on appeal and whether portions of the statement relating to the homicide may now be admissible.